[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT HUBBELL, INC.'S MOTION TO STRIKE #113
Before the court is the defendant Hubbell's motion to strike counts three and four of the plaintiffs' complaint on the ground that they are barred by the exclusivity provision of the Workers' Compensation Act. For the reasons discussed below, the motion is denied.
On April 27, 2001, the plaintiffs, Gilbert and Carol Bourne, filed a complaint against the defendant Hubbell, Incorporated.[1] The plaintiffs allege the following facts in the complaint.[2] In 1999, Gilbert Bourne was an employee of Hubbell in Stratford, Connecticut. At some time prior to September 16, 1999, Hubbell bought a piece of equipment called a SL-25 Bar Feeder machine from Mori Seiki USA, Inc. CT Page 9210 Upon its arrival at Hubbell's plant, the machine was inspected and found to be in safe and proper working condition. At some point between the machine's arrival and September 16, 1999, a Hubbell employee deliberately changed the machine's safety settings to increase productivity and profit. On September 16, 1999, while Gilbert Bourne was operating the machine, his arm was pulled into it, causing severe injuries, including laceration, loss of blood, fractures, pain and suffering and emotional distress. As a result of these injuries, Gilbert Bourne has suffered medical expenses, loss of wages and diminution in earning capacity. Carol Bourne, Gilbert Bourne's wife, has suffered mental and emotional damage as a result of her husband's injuries, as well as the loss of the normal aspects of married life and companionship with her husband.
Hubbell moves to strike the counts against it on the grounds that any action against it is barred by the exclusivity provision of the Workers' Compensation Act, General Statute § 31-275 et seq. The plaintiffs argue that they have adequately pleaded conduct by Hubbell that qualifies for the intentional conduct exception to the Workers' Compensation Act.
In Ranos v. Branford, 63 Conn. App. 671, 674, 778 A.2d 972 (2001), our Appellate Court noted that the trial court had denied a motion to strike on similar grounds reasoning that the defense of exclusivity must be raised by pleading a special defense.
This court agrees that the defense of exclusivity of the Workers' Compensation Act should be raised by pleading a special defense. Moreover, it is impossible to determine from the pleading in the complaint whether the conduct of Hubbell's employee in modifying the machine on which the plaintiff was injured amounted to the type of intentional conduct by Hubbell which would qualify for the intentional conduct exception to the exclusivity of the Workers' Compensation Act.
The defense of exclusivity of the Workers' Compensation Act is inappropriately raised in a motion to strike. Therefore, the motion is denied.
GALLAGHER, J.